IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DEBRA DUTTON,     *
individually, and as Personal
Representative of the Estate of     *
WADE C. DUTTON, deceased, et al.,
    *
       Plaintiffs,
    *
     v.                                                      Civil Action No. RDB-05-CV-74
    *
J. RACENSTEIN & CO., INC., et al. ,
    *
       Defendants.
    *
          *   *   *   *   *   *   *   *   *

**MEMORANDUM OPINION**

This is a wrongful death and product liability action brought by the surviving minor children of Wade C. Dutton against various entities affiliated with a high-rise window cleaning operation in Baltimore, Maryland. On October 23, 2001, Mr. Dutton was fatally injured when he fell approximately 350 feet from the exterior of the World Trade Center high-rise in Baltimore, Maryland. Mr. Dutton was cleaning the windows on that building when the device he was using for support allegedly failed. Plaintiffs Debra Dutton (individually and as personal representative), Ashley Dutton, and Marcus Dutton filed suit in the Circuit Court for Baltimore City on October 22, 2004 against Defendants Brand Scaffold Builders, Inc. ("Scaffold Builders"), Brand Services, Inc. ("Brand Services"), Brand Scaffold Services, Inc. ("Scaffold Services"), Brand Scaffold Erectors, Inc. ("Scaffold Erectors"), Brand Scaffold Rental & Erection, Inc. ("Scaffold Rental & Erection"), Rust Scaffold Rental & Erections, Inc. ("Rust Scaffold"), AA Ladder & Supply, Inc. ("AA Ladder"), New England Ropes, Inc. ("New

England Ropes"), J. Racenstein & Co., Inc. ("Racenstein"), and Fritschi AG-Swiss Bindings ("Fritschi"). On January 10, 2005, six of the ten Defendants[1] filed a petition to remove the case to this Court pursuant to 28 U.S.C. § 1446, based on the complete diversity of citizenship between the parties under 28 U.S.C. § 1332. New England Ropes, Racenstein, and Fritschi[2] did not join in the Petition for Removal within thirty days of service.

Now before the Court is Plaintiffs' Motion to Remand this action. In support of their Motion, Plaintiffs contend that removal was improper because the Petition for Removal was not joined by all Defendants, and because the Defendants which did not join failed to provide notice of their consent to the removal within thirty days of service. In response, Defendants argue that any procedural defect in the removal petition has been cured because all Defendants now consent to removal. The issues have been fully briefed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons that follow, Plaintiff's Motion to Remand will be GRANTED, and the action will be REMANDED to the Circuit Court for Baltimore City.

## **Applicable Legal Standards**

Pursuant to 28 U.S.C. § 1441(a),

[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the

---

[1]Specifically, the Petition for Removal was joined by Defendants Scaffold Builders, Brand Services, Scaffold Services, Scaffold Erectors, Scaffold Rental & Erection, Rust Scaffold and AA Ladder.

[2]Defendant Fritschi is located in Switzerland, and has yet to be served in connection with this lawsuit. Thus, its consent is not required under 28 U.S.C. § 1446(b). *See McKinney v. Board of Trustees of Maryland Com. Col.*, 955 F.2d 924, 928 (4th Cir. 1992).

district court of the United States for the district and division embracing the place where such action is pending.

However, under 28 U.S.C. § 1446(b), the notice of removal of a civil action must be filed within thirty days after the defendant receives a copy of the initial pleading, or within thirty days after the service of a summons upon the defendant, whichever period is shorter.  In addition, as Judge Kaufman of this Court has noted, "while § 1446 does not require 'that all defendants sign the same notice of removal,' it does require 'that each defendant file a notice of removal, either independently or by unambiguously joining in or consenting to another defendant's notice, within the thirty-day period following service of process.'" *Anne Arundel County, Md. v. United Pac. Ins. Co.* 905 F. Supp. 277, 278 (D. Md. 1995) (quoting *Creekmore v. Food Lion, Inc.*, 797 F. Supp. 505, 508 (E.D. Va. 1992)).

In general, the Fourth Circuit has made it clear that removal statutes must be construed strictly against removal and that the burden of establishing the propriety of removal rests with the removing party. *Mulcahey v. Columbia Organic Chems. Co.,* 29 F.3d 148, 151 (4th Cir.1994). "If federal jurisdiction is doubtful, remand is necessary." *Cunningham v. Bombay Productions, Inc.,* 309 F. Supp. 2d 835, 836 (S.D.W.Va. 2004) (quoting *Watson v. Charleston Housing Auth.,* 1999 WL 1455084 at *1 (S.D.W.Va.)(*citing Mulcahey,* 29 F.3d at 151)).  Applying these principles, courts have strictly construed the joinder requirements set forth in Section 1446.  In particular, this Court has consistently held that a defendant's failure to join or consent to a removal petition within the thirty-day period requires that the action be remanded.  *See, e.g., Chaghervand v. CareFirst,* 909 F.Supp. 304, 308 (D. Md.1995) (Garbis, J.) (remanding case for failure of defendant to join removal petition); *Jackson v. Roseman,* 878 F.Supp. 820, 826 (D. Md. 1995) (Northrup, J.) (remanding case for defendant's failure to join removal

petition); *United Pac. Ins. Co.,* 905 F. Supp. at 278 (Kaufman, J.) (remanding for one defendant's failure to timely join removal petition); *Whitcomb v. Potomac Physicians, P.A.,* 832 F. Supp. 1011, 1013 (D. Md. 1993)(Motz, J.) (remanding in part for defendant's failure to timely join, noting "[i]t is well established that ordinarily all defendants must consent to a removal").

### **Analysis**

In this case, there is no dispute that several of the Defendants failed to consent to the removal petition within the thirty-day period.[3] As such, removal is improper under Section 1446(b). *See* 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure,* § 3731 n.11 (3d ed. 1998 & Supp. 2005) (citing numerous decisions in which courts remanded civil actions for defendant's failure to timely provide notice of consent to removal petition); *United Pac. Ins. Co.,* 905 F. Supp. at 278 (remanding action where individual defendant's consent to removal petition was filed one day after thirty-day period had expired). Moreover, the fact that the non-joining Defendants now consent to removal does not cure the procedural defect in the removal. *See United Pac. Ins. Co.,* 905 F. Supp. at 278 (citing *Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994) ("fact that defendants did not object to removal does not fulfill requirement that all defendants join petition for removal")). In accordance with the well-established policy of this Court, the instant action will be remanded to the Circuit Court for Baltimore City based upon the procedural defects in the Petition for Removal.

---

[3] Some of the non-consenting Defendants were served after the original Petition for Removal was filed. However, the United States Court of Appeals for the Fourth Circuit has held that a defendant is required to consent to the removal within thirty days of service, regardless of when the service occurred. *McKinney v. Board of Trustees of Maryland Com. Col*., 955 F.2d 924 (4th Cir. 1992). Here, none of the four Defendants which did not join the Petition for Removal consented to the removal within thirty days of service.

## **Conclusion**

For the foregoing reasons, Plaintiffs' Motion to Remand is GRANTED, and the case will be remanded to the Circuit Court for Baltimore City. A separate Order will follow.

|  |  |
|---|---|
| June 28, 2005 | /s/ _____ <br> Richard D. Bennett <br> United States District Judge |